## DiSabella v. DiSabella

*James A. Schneider*, for plaintiff.
*Robert Freeman*, for defendant.

OLSZEWSKI, *J.*, May 14, 1982—The case before us is rather unusual, even one of first impression. Anthony M. DiSabella (plaintiff) instituted an action in the Court of Common Pleas requesting certain equitable remedies against Natalie Marie DiSabella, a/k/a Natalie Marie Kozel (defendant). More specifically, plaintiff seeks to have the Court enter an Order enjoining defendant from permitting one of their minor children, Noelle DiSabella, from using the name Noelle Kozel, and also requesting that the Hazleton Area School District be authorized to make the appropriate notations on the school records.

Noelle DiSabella, a/k/a Noelle Kozel, was born to plaintiff and defendant on December 28, 1975. The hospital record (defendant's exhibit no. 2) reflects that a Noelle Kozel was born to Natalie Marie Kozel on December 28, 1975. The parties hereto were married on January 16, 1976. After consummation of the marriage, another daughter known as Jennifer DiSabella was born from this union. Although the prayer of the complaint requests that an order also directing that the second daughter born to this couple be known as Jennifer DiSabella, there is no

necessity that we do anything about this since Jennifer DiSabella does use the name Jennifer DiSabella and this issue is not before the court for disposition.

Plaintiff and defendant have been engaged in considerable litigation before the court involving their domestic relations problems: (1) an action for support was filed; (2) an application for writ of habeas corpus for visitation rights was filed; (3) an action in divorce was filed which terminated in the dissolution of the marriage. The parties are now before the court because defendant has insisted that their child Noelle use the name Kozel rather than DiSabella. Plaintiff father now seeks that defendant be enjoined from using the name Noelle Kozel for their daughter and that instead the name should be Noelle DiSabella, and that this should also be reflected upon the school records in the Hazleton Area School District.

## FINDINGS OF FACT

1. A daughter Noelle was born to plaintiff and defendant on December 28, 1975.

2. Plaintiff and defendant were married on January 16, 1976.

3. On January 18, 1976, Noelle was baptized in Our Lady of Grace Church in Hazleton, Pa., as Noelle DiSabella, the offspring of Anthony M. DiSabella and Natalie Kozel.

4. The record of birth at St. Joseph Hospital, Hazleton, indicated that a Noelle Kozel was born to Natalie Marie Kozel on December 28, 1975.

5. Three certificates of birth were issued by the Commonwealth of Pennsylvania: (a) Noelle DiSabella issued on March 5, 1976; (b) Noelle DiSabella issued on September 30, 1981; and (c)

Noelle Kozel issued on August 23, 1979. All of the certificates of birth were filed on January 6, 1976.

6. The earliest certificate was issued on March 5, 1976, and the subject's name appears as Noelle DiSabella.

7. A Social Security card was issued with the same number for Noelle DiSabella and for Noelle Kozel.

8. Plaintiff father drove defendant to the hospital and from the hospital during the confinement when Noelle was born.

9. Jennifer DiSabella, a sister to Noelle, born on August 1, 1977, uses the name DiSabella and there is no issue about this.

10. Plaintiff has supported both of his daughters and continues to support them.

11. As a result of a habeas corpus proceeding, plaintiff has regular visitation. During the habeas corpus proceeding, Noelle was identified as Noelle DiSabella and no question or objections were ever raised.

12. In the divorce proceeding, references made to both Noelle and Jennifer were identified as Noelle DiSabella and Jennifer DiSabella.

13. Plaintiff always admitted and never questioned the paternity of Noelle as being born from the union of plaintiff and defendant.

14. No legal proceeding was ever instituted to change the name of Noelle DiSabella to Noelle Kozel.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter and the parties.

2. Noelle was born on December 28, 1975, to Anthony DiSabella and Natalie M. Kozel.

3. On January 16, 1976, plaintiff and defendant were married.

4. The correct legal name of Noelle is Noelle DiSabella.

## DISCUSSION

A daughter Noelle was born to plaintiff and defendant on December 28, 1975. A few weeks later on January 16, 1976, the parties were married. On August 1, 1977, another daughter was born to the DiSabellas and named Jennifer DiSabella.

Historically the law has always favored legitimacy. Our Legislature has provided that children shall be legitimate even though they are born out of wedlock and shall enjoy all of the rights and privileges as if they had been born during the wedlock of the parents where the parents of a child born out of wedlock shall have married each other. See: 48 P.S. §167 (Cumulative Annual Pocket Part). In the case at bar Noelle was baptized as Noelle Di-Sabella. A birth certificate and a Social Security number were issued in her name. Plaintiff father has continued to support both his daughters throughout the marriage and at the present time even though a divorce has been granted. Throughout the entire support proceedings, habeas corpus proceedings, and divorce proceedings, Noelle was referred to as Noelle DiSabella; and although not the subject of the specific proceedings, no formal objections were ever raised concerning the reference to Noelle as Noelle DiSabella. Plaintiff drove defendant to the hospital prior to the birth of the child and drove defendant and the newborn baby Noelle from the hospital. He has always admitted paternity and has continued to support his children.

Under all the circumstances of this case, we see

no reason why Noelle should not be known as Noelle DiSabella, and therefore we are constrained to specifically so hold.

### DECREE NISI

And now, May 14, 1982 it is ordered, adjudged, and decreed that the daughter Noelle born to Anthony M. DiSabella, plaintiff, and Natalie Marie DiSabella, a/k/a Natalie Marie Kozel, defendant, on December 28, 1975, is hereby to be known as Noelle DiSabella; and defendant is hereby specifically enjoined from preventing Noelle from being known as Noelle DiSabella and from preventing the Hazleton Area School District from changing the records from Noelle Kozel to Noelle DiSabella.

It is further ordered, adjudged, and decreed that the Hazleton Area School District is hereby authorized to make the appropriate changes in the school records of Noelle Kozel, now Noelle DiSabella.

The prothonotary of Luzerne County is hereby directed to give notice of the entry of this Decree Nisi to the parties of interest; and if no Exceptions are filed thereto by either party within 20 days, the prothonotary is to enter the decree nisi as a final decree.